**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tanya Winters,<br><br>        Plaintiff,<br><br>v.<br><br>Taylor and Associates PLLC,<br><br>        Defendant. | No. CV-18-01851-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff's application to proceed in forma pauperis. "Inquiring whether the court has jurisdiction is a federal judge's first duty in every case." *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003). In this case, the complaint alleges that this Court has jurisdiction over the case because it presents a federal question under 28 U.S.C. § 1331. (Doc. 1 at 3).

As far as the Court can tell, the complaint is alleging legal malpractice against Plaintiff's former counsel's law firm. Plaintiff asserts the basis for this claim is 42 U.S.C. § 1983. The Court fails to see how a lawsuit against a private actor could fall under § 1983. Moreover, a claim under § 1983 must allege a violation of a constitutional right.[1]

---

[1] Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred." *Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979). To be valid, "a § 1983 claim requires two essential elements: (1) the conduct that harms the plaintiff must be committed under color of state law (i.e., state action), and (2) the conduct must deprive the plaintiff of a constitutional right." *Ketchum v. Cty. of Alameda*, 811 F.2d 1243, 1245 (9th Cir. 1987) (citing *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985)).

On this record, it appears this Court does not have jurisdiction over this case. Alternatively, it appears that the complaint fails to state a claim.[2] *See Mitchell v. Conn. Region 14 Dist. Probate Court*, 2015 WL 4094188, *6 (D. Conn. July 7, 2015) (collecting cases dismissing § 1983 claims against non-state actors). Accordingly,

**IT IS ORDERED** that, by June 28, 2018, Plaintiff shall file an amended complaint, properly alleging federal subject matter jurisdiction, or this case will be dismissed, without prejudice.

Dated this 14th day of June, 2018.

James A. Teilborg
Senior United States District Judge

---

[2] Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of section 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("section 1915(e) applies to all in forma pauperis complaints"). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id*. Therefore, this court must dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious.